DAVID J. MICLEAN (SBN 115098)
dmiclean@micleangleason.com
MICLEAN GLEASON LLP
1301 Shoreway Road, Suite 290
Belmont, CA 94002
Telephone: (650) 684-1181

SHAWN J. KOLITCH (*pro hac vice pending*)
shawn@kolitchromano.com
Oregon State Bar No. 063980
KOLITCH ROMANO LLP
520 S.W. Yamhill Street, Suite 200
Portland, OR 97204
Telephone: (503) 994-1650

Attorneys for Plaintiff
FUTURE MOTION, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FUTURE MOTION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, an unknown party doing business as FLOATWHEEL,<br><br>Defendant. | Case No.<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Future Motion, Inc. ("Future Motion" or "Plaintiff") alleges, based on actual knowledge with respect to Future Motion and Future Motion's acts, and based on information and belief with respect to all other matters, against Defendant JOHN DOE, an unknown party doing business as FLOATWHEEL, as follows:

**NATURE OF THE CASE**

This is a civil action for federal patent infringement in violation of the Patent Act, 35 U.S.C. §§ 1, *et seq.*, and specifically in violation of 35 U.S.C. § 271(b)-(c).

**THE PARTIES**

1. Plaintiff Future Motion, Inc. ("Plaintiff" or "Future Motion") is a Delaware corporation with a principal place of business located at 1201 Shaffer Road, Santa Cruz, California 95060.

2. Defendant is an unknown individual and, upon information and belief, a resident of Guangxi, China, with an email address of 425136673@qq.com and/or diyonewheel@gmail.com, and no known physical address.

3. Upon information and belief, Defendant is doing business as "Floatwheel," including operating the e-commerce website www.floatwheel.com and the related YouTube channel https://www.youtube.com/channel/UC_7p3yqxNR24i-9Qtu1Haxg.

4. The true name and capacity of the Defendant sued herein as John Doe, an unknown party doing business as Floatwheel, is unknown to Future Motion, and will be inserted herein by amendment when it has been ascertained.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (actions under the laws of the United States of America); and 28 U.S.C. § 1338(a), because this case involves a federal question arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

6. Upon information and belief, Defendant, doing business as Floatwheel, is subject to personal jurisdiction by this Court, because Floatwheel advertises and sells its products to customers within this district. By committing the purposeful act of injecting its products into the nationwide stream of commerce through the e-commerce website floatwheel.com, including to customers within

this district, Defendant reasonably knew or expected that he could be hauled into court within this district. Accordingly, personal jurisdiction exists, and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(3), (c)(2), and (c)(3).

## FACTUAL ALLEGATIONS

### A. Plaintiff Future Motion

7. Future Motion markets, offers for sale and sells throughout the United States and around the world the ONEWHEEL® line of self-balancing electronically motorized skateboards, along with related accessories, replacement parts, and merchandise, and operates an online retail store featuring the aforementioned goods at https://onewheel.com. An example of a user riding one of Future Motion's patented ONEWHEEL® products is shown in the photo below:




8. Future Motion has expended significant time and resources developing and marketing its ONEWHEEL® products, as well as protecting its intellectual property rights relating to the products. Worldwide, Future Motion currently holds at least 40 issued patents and at least 45 issued trademark registrations covering its products. As described below, Future Motion believes that Defendant is infringing at least five of its U.S. patents.

9. Future Motion owns all right, title and interest in U.S. Pat. No. 9,452,345 ("the '345 patent"), including the right to sue thereon and the right to recover for infringement thereof. The '345 patent issued September 27, 2016 and will expire November 5, 2035. A copy of the '345 patent is attached hereto as **Exhibit A**. The '345 patent gives Future Motion the right to exclude others from making, using, offering for sale, and selling the invention claimed in the patent within the United States and from importing the invention claimed in the patent into the United States.

10. Future Motion owns all right, title and interest in U.S. Pat. No. 9,717,978 ("the '978 patent"), including the right to sue thereon and the right to recover for infringement thereof. The '978 patent issued August 1, 2017 and will expire November 5, 2035. A copy of the '978 patent is attached hereto as **Exhibit B**. The '978 patent gives Future Motion the right to exclude others from making, using, offering for sale, and selling the invention claimed in the patent within the United States and from importing the invention claimed in the patent into the United States.

11. Future Motion owns all right, title and interest in U.S. Pat. No. 9,802,109 ("the '109 patent"), titled "Self-Stabilizing Skateboard," including the right to sue thereon and the right to recover for infringement thereof. The '109 patent issued Oct. 31, 2017 and will expire April 30, 2034. A copy of the '109 patent is attached hereto as **Exhibit C**. The '109 patent gives Future Motion the right to exclude others from making, using, offering for sale, and selling the invention claimed in the patent within the United States and from importing the invention claimed in the patent into the United States.

12. Future Motion owns all right, title and interest in U.S. Pat. No. 9,861,877 ("the '877 patent"), including the right to sue thereon and the right to recover for infringement thereof. The '877 patent issued January 9, 2018 and will expire November 5, 2035. A copy of the '877 patent is attached hereto as **Exhibit D**. The '877 patent gives Future Motion the right to exclude others from making, using, offering for sale, and selling the invention claimed in the patent within the United States and from importing the invention claimed in the patent into the United States.

13. Future Motion also owns all right, title and interest in U.S. Pat. No. 10,143,910 ("the '910 patent"), including the right to sue thereon and the right to recover for infringement thereof. The '910 patent issued December 4, 2018 and will expire November 5, 2035. A copy of the '910 patent is attached hereto as **Exhibit E**. The '910 patent gives Future Motion the right to exclude others from making, using, offering for sale, and selling the invention claimed in the patent within the United States and from importing the invention claimed in the patent into the United States.

14. Defendant is making, using, offering for sale, selling, and/or importing a collection of components that are both individually and collectively material components of Future Motion's patented products, which are especially made or especially adapted for use in constructing products that infringe

Future Motion's patents, and which are not staple articles of commerce suitable for substantial noninfringing use.

15. Specifically, as shown below, and in more detail in **Exhibit F**, through its e-commerce website floatwheel.com, Defendant is offering a "DIY kit" including rails and footpads, the only conceivable use of which is to construct an infringing knockoff version of Future Motion's patented products:




16. As **Exhibit F** shows, along with its "DIY kit," Defendant is offering a wheel with a hub motor and tire, a motor controller programmed with a self-balancing algorithm, and a battery pack, all suitable for use in constructing an infringing self-balancing skateboard in conjunction with the DIY kit.

17. As **Exhibit F** shows, Defendant offers its DIY kit and all of the related components for sale to U.S. customers and for shipment to the United States.

18. **Exhibit G** is a claim chart showing that Defendant's DIY kit and related components (collectively the "Accused Products") constitute material parts of Future Motion's inventions covered by the Asserted Patents, demonstrating that Defendant's offering for sale of the Accused Products to U.S. customers constitutes contributory infringement of the Asserted Patents under 35 U.S.C. § 271(c).

19. In addition to offering the Accused Products to U.S. customers, Defendant has also published a series of videos on its YouTube channel, which actively induce infringement of the Asserted Patents by teaching purchasers of the Accused Products precisely how to assemble the components into an infringing final product, as demonstrated in **Exhibit G**.

20. Specifically, on the publicly available "Floatwheel" YouTube channel https://www.youtube.com/channel/UC_7p3yqxNR24i-9Qtu1Haxg, Defendant has published at least six

videos, including (for example) a video titled in relevant part "DIY onewheel indepth tutorial" at https://www.youtube.com/watch?v=kYdCT2ZLhbU. **Exhibit H** includes screen shots of Defendant's YouTube videos.

21. Defendant's YouTube videos teach purchasers of the Accused Products how to use those components to construct a working self-balancing skateboard that infringes at least one claim of each of the Asserted Patents, as demonstrated in **Exhibit G**. Defendant's conduct in publishing its YouTube videos in conjunction with sales of its Accused Products therefore constitutes active inducement of infringement under 35 U.S.C. § 271(b).

22. Future Motion's counsel sent a demand letter alleging contributory infringement and active inducement of infringement of Future Motion's patents to Defendant on November 16, 2020, and Defendant confirmed that it received the letter. On approximately November 24, 2020, Defendant stopped offering the Accused Products for sale. No later than March 15, 2021, however, Defendant again started offering the Accused Products for sale, including to U.S. customers.

**CLAIM 1 – INFRINGEMENT OF THE '345 PATENT**

23. Defendant has contributorily infringed the '345 patent by making, using, selling, offering to sell and/or importing the Accused Products.

24. Defendant has actively induced infringement of the '345 patent by publishing videos that teach consumers, including customers who purchase the Accused Products, how to construct a self-balancing electric skateboard that infringes the '345 patent.

25. Defendant's infringement of the '345 patent has been and continues to be willful.

26. Future Motion has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Defendant.

27. Future Motion has suffered, and will continue to suffer, permanent and irreparable injury, for which Future Motion has no adequate remedy at law.

28. Future Motion is entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, and 285.

**CLAIM 2 – INFRINGEMENT OF THE ‘978 PATENT**

29. Defendant has contributorily infringed the ‘978 patent by making, using, selling, offering to sell and/or importing the Accused Products.

30. Defendant has actively induced infringement of the ‘978 patent by publishing videos that teach consumers, including customers who purchase the Accused Products, how to construct a self-balancing electric skateboard that infringes the ‘978 patent.

31. Defendant’s infringement of the ‘978 patent has been and continues to be willful.

32. Future Motion has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Defendant.

33. Future Motion has suffered, and will continue to suffer, permanent and irreparable injury, for which Future Motion has no adequate remedy at law.

34. Future Motion is entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, and 285.

**CLAIM 3 – INFRINGEMENT OF THE ‘109 PATENT**

35. Defendant has contributorily infringed the ‘109 patent by making, using, selling, offering to sell and/or importing the Accused Products.

36. Defendant has actively induced infringement of the ‘109 patent by publishing videos that teach consumers, including customers who purchase the Accused Products, how to construct a self-balancing electric skateboard that infringes the ‘109 patent.

37. Defendant’s infringement of the ‘109 patent has been and continues to be willful.

38. Future Motion has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Defendant.

39. Future Motion has suffered, and will continue to suffer, permanent and irreparable injury, for which Future Motion has no adequate remedy at law.

40. Future Motion is entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, and 285.

**CLAIM 4 – INFRINGEMENT OF THE '877 PATENT**

41. Defendant has contributorily infringed the '877 patent by making, using, selling, offering to sell and/or importing the Accused Products.

42. Defendant has actively induced infringement of the '877 patent by publishing videos that teach consumers, including customers who purchase the Accused Products, how to construct a self-balancing electric skateboard that infringes the '877 patent.

43. Defendant's infringement of the '877 patent has been and continues to be willful.

44. Future Motion has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Defendant.

45. Future Motion has suffered, and will continue to suffer, permanent and irreparable injury, for which Future Motion has no adequate remedy at law.

46. Future Motion is entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, and 285.

**CLAIM 5 – INFRINGEMENT OF THE '910 PATENT**

47. Defendant has contributorily infringed the '910 patent by making, using, selling, offering to sell and/or importing the Accused Products.

48. Defendant has actively induced infringement of the '910 patent by publishing videos that teach consumers, including customers who purchase the Accused Products, how to construct a self-balancing electric skateboard that infringes the '910 patent.

49. Defendant's infringement of the '910 patent has been and continues to be willful.

50. Future Motion has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Defendant.

51. Future Motion has suffered, and will continue to suffer, permanent and irreparable injury, for which Future Motion has no adequate remedy at law.

52. Future Motion is entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, and 285.

**PRAYER FOR RELIEF**

WHEREFORE, Future Motion prays for judgment as follows:

A. That Defendant has infringed, and is infringing, the ‘345 patent, the ‘978 patent, the ‘109 patent, the ‘877 patent, and the ‘910 patent, in violation of 35 U.S.C. § 271;

B. That infringement by Defendant is willful;

C. That Defendant be preliminarily and permanently enjoined against all acts of patent infringement, including but not limited to making, using, selling, offering to sell, and importing the Accused Products, and publicly posting videos or disseminating any other physical or digital content that teach customers how to use the Accused Products to construct an infringing product;

D. That Defendant be required to deliver to Future Motion for destruction any and all articles in its possession and/or under its control that infringe any of the Asserted Patents, including but not limited to all existing Accused Products, associated packaging, and advertisements;

E. That Defendant be ordered to pay Future Motion the damages that Future Motion has suffered due to patent infringement by Defendant, together with interest thereon;

F. That Defendant be ordered to account for and pay Future Motion the total profits Defendant has received from the sale of products infringing the Asserted Patents;

G. That this case be declared exceptional pursuant to 35 U.S.C. § 285, due to willful infringement by Defendant, and that Future Motion be awarded trebled damages and its reasonable attorneys’ fees and costs; and

H. That Future Motion have such other and further relief as the Court and/or a jury deems just and proper.

///

///

///

///

///

///

///

///

///

**DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Dated: April 26, 2021

Respectfully Submitted,
MICLEAN GLEASON LLP

By: ___/s/ *David J. Miclean*__________
David J. Miclean
Attorneys for Plaintiff Future Motion, Inc.

Dated: April 26, 2021

Respectfully Submitted,
KOLITCH ROMANO LLP

By: ___/s/ *Shawn J. Kolitch*__________
Shawn J. Kolitch
Attorneys for Plaintiff Future Motion, Inc.