UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUTURE MOTION, INC.,<br>          Plaintiff,<br>v.<br>JOHN DOE,<br>          Defendant. | Case No. 21-cv-03022-JSC<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO SERVE FOREIGN DEFENDANT BY EMAIL PURSUANT TO RULE 4(F)(3)**<br><br>Re: Dkt. No. 8 |

Plaintiff Future Motion, Inc. ("Future Motion") brings patent infringement claims against Defendant John Doe, an unknown party doing business as Floatwheel. Because Future Motion does not know John Doe's true identity, it seeks leave to provide alternative service by electronic mail under Rule 4(f)(3). (Dkt. No. 8.)[1] After carefully considering Plaintiff's submission, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Plaintiffs' motion without prejudice to renewal following further investigation.

**BACKGROUND**

Future Motion sells self-balancing electronically motorized skateboards under the Onewheel product line and owns the related patents. (Complaint ¶¶ 7-13.) Future Motion alleges that through its e-commerce site floatwheel.com, Defendant sells do-it-yourself ("DIY") product kits to construct a self-balancing skateboard that infringes on Future Motion's Onewheel product patents. (Complaint ¶¶ 15-18.) Future Motion also alleges that Defendant encourages patent infringement by publishing instructional videos on its "Floatwheel" YouTube channel to teach purchasers how to assemble the DIY Onewheel kits. (Complaint ¶¶ 19-21.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    Prior to filing this action, Future Motion attempted to identify the owner of the internet
2  domain floatwheel.com which was offering the allegedly infringing DIY Onewheel kits for sale,
3  as well as authoring the "Floatwheel" YouTube channel
4  www.youtube.com/channel/UC_7p3yqxNR24i-9Qtu1Haxg.  (Dkt. No. 8-1 at ¶¶ 2-3.)  Future
5  Motion "determined that the domain owner was masking its identity, other than stating it was
6  located in Guangxi, China," and that the owner of the YouTube channel provided no public
7  identifying information.  (*Id*.)  On November 16, 2020, Future Motion's counsel attempted to
8  contact Defendant through the domain Registrar (GoDaddy), and received an email from
9  425136673@qq.com to submit a cease and desist letter to 425136673@qq.com.  (*Id*. at ¶ 4; Dkt.
10 No. 8-4 at 2.)  That same day, Future Motion sent a cease and desist demand letter to
11 425136673@qq.com and received a return email confirming that the letter was received.  (Dkt.
12 No. 8-1 at ¶¶ 5-6; Dkt. Nos. 8-5, 8-6.)  Future Motion's investigation revealed that "the email
13 provider qq.com is based in China and operated by the Tencent corporation of China. This can be
14 confirmed, for example, by visiting the website https://en.mail.qq.com/."  (Dkt. No. 8-1 at ¶ 8.)

15   Less than a week after receipt of the cease and desist letter, Defendant removed its
16 products for sale; however, as of March 15, 2021, Defendant is again offering its products for sale.
17 (Dkt. No. 8-1 at ¶ 7.)  Upon discovering that Defendant was again offering its products for sale,
18 Future Motion "set[] up an order to confirm that the Defendant would ship its products to the
19 United States."  (*Id*. at ¶ 9.)  In doing so, Future Motion discovered that Defendant's e-commerce
20 website provides the contact email address diyonewheel@gmail.com for inquires related to
21 Defendant's terms of service, privacy policy, refund policy, and shipping policy.  (*Id*. at ¶ 9; Dkt.
22 No. 8-7.)

23   "Aside from the confirmed email address 425136673@qq.com and the contact email
24 address diyonewheel@gmail.com" Future Motion is "not aware of any other contact information
25 for Defendant, and do[es] not believe it is possible to obtain further identifying information
26 without a court order."  (Dkt. No. 8-1 at ¶ 10.)

27   Future Motion thus seeks leave to provide service of the summons and complaint by
28 electronic mail because (1) it cannot identify any physical address for Defendant without a court

1  order, (2) Defendant has not stated that it is represented by United States counsel, (3) under Rule
2  4(f)(3) service by electronic mail is not prohibited by international agreement, and (4) service by
3  electronic mail is reasonably calculated to provide notice to Defendant via its confirmed email
4  address and its e-commerce contact email address.  (Dkt. No. 8 at 2.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) provides the applicable authority to serve an individual in a foreign country.  Under Rule 4(f)(3), courts can order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email[,]" so long as the method of service is not prohibited by an international agreement.  *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (citation omitted).  "However, the fact that an alternative method of service is not prohibited by international agreement does not mean that the plaintiff is entitled to use such a method under Rule 4(f)(3)."  *Keck v. Alibaba.com, Inc*., 330 F.R.D. 255, 257–58 (N.D. Cal. 2018).  It is within a court's "sound discretion" to determine whether "the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."  *Rio Properties*, 284 F.3d at 1016.  To comport with due process, alternate service of process must be "reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id.* at 1016–17 (citation omitted).

## DISCUSSION

Future Motion has not shown that service by alternative service by electronic mail to 425136673@qq.com and diyonewheel@gmail.com would satisfy Rule 4(f)(3).

**A. International Agreement Prohibits Service by Electronic Mail**

Future Motion argues that the available evidence shows that Defendant is located in China or a Chinese speaking country.  The evidence is equivocal.  For example, Floatwheel's YouTube channel indicates that Defendant is located in the United States.  (Dkt. No. 8-1 at ¶¶ 2-3.)  However, other evidence suggests that Defendant is based in China because its GoDaddy registrant address is in Guangxi, China and the email provider @qq.com is operated by a Chinese

3

1   corporation.  (Dkt. No. 8-1 at ¶¶ 2-3, 8.).  Given this latter evidence, Future Motion's theory that
2   Defendant is located in China is persuasive.
3       The United States and China are both parties to the Hague Service Convention, which is a
4   treaty that simplifies, standardizes, and improves the process of serving documents internationally.
5   *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, No. 19-CV-01167-JST, 2020 WL 5036085
6   at * 5 (N.D. Cal. Aug. 19, 2020) (citation omitted); Hague Service Convention, Nov. 15, 1956,
7   T.I.A.S. No. 6638 (Feb. 19, 1969).  Although compliance with the Hague Service Convention is
8   mandatory, Article 1 of the Hague Service Convention states that it does not apply "where the
9   address of the person to be served with the document is not known." *Volkswagenwerk*
10  *Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988); Hague Service Convention art. 1.
11      Here, Future Motion has not yet met its burden to demonstrate that Defendant's address is
12  "not known."  While Future Motion inquired whether the YouTube channel provided identifying
13  information and checked the domain name registry, it has not otherwise conducted any
14  investigation.  *Compare with Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2018 WL
15  3632160, at *4 (N.D. Cal. July 31, 2018) (granting motion to serve by electronic means after
16  neither a private investigator nor an online search of Chinese databases could locate the
17  defendant's physical address).  For example, it has not attempted to contact Defendant through its
18  e-commerce contact email address diyonewheel@gmail.com, nor investigated whether address
19  information is available through that email address.  In sum, Future Motion has not yet shown that
20  it has engaged in diligent, yet unsuccessful, efforts to locate Defendant's physical address for
21  service.  *See D.Light Design, Inc. v. Boxin Solar Co*., No. C-13-5988 EMC, 2015 WL 526835, at
22  *3 (N.D. Cal. Feb. 6, 2015).
23      As Defendant has not sufficiently shown that Defendant's address is unknown, an
24  international agreement prohibits service by electronic mail to China.  Thus, service under Rule
25  4(f)(3) is not yet appropriate.  *See Rio Props*., 284 F.3d at 1016.

### CONCLUSION

27  For the reasons stated above, the Court DENIES Plaintiffs' motion to serve the Defendant
28  by alternative means without prejudice.

This Order disposes of Docket No. 8.

**IT IS SO ORDERED.**

Dated: June 10, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge