UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FUTURE MOTION, INC., | Case No. 21-cv-03022-JSC |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO SERVE FOREIGN DEFENDANT BY EMAIL PURSUANT TO RULE (4)(F)(3)** |
| JOHN DOE, | |
| Defendant. | Re: Dkt. No. 16 |

Plaintiff Future Motion, Inc. ("Future Motion") brings patent infringement claims against Defendant John Doe, an unknown party doing business as Floatwheel.  Because Future Motion does not know John Doe's true identity, it seeks leave to provide alternative service by electronic mail under Rule 4(f)(3). (Dkt. No. 16.)[1]  After carefully considering Plaintiff's submission, the Court GRANTS Plaintiffs' motion.

## BACKGROUND

Future Motion sells self-balancing electronically motorized skateboards under the Onewheel product line and owns the related patents.  (Complaint ¶¶ 7-13.)  Future Motion alleges that through its e-commerce site floatwheel.com, Defendant sells do-it-yourself ("DIY") product kits to construct a self-balancing skateboard that infringes on Future Motion's Onewheel product patents.  (Complaint ¶¶ 15-18.)  Future Motion also alleges that Defendant encourages patent infringement by publishing instructional videos on its "Floatwheel" YouTube channel to teach purchasers how to assemble the DIY Onewheel kits.  (Complaint ¶¶ 19-21.)

Prior to filing this action, Future Motion attempted to identify the owner of the internet

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

domain floatwheel.com which was offering the allegedly infringing DIY Onewheel kits for sale, as well as authoring the "Floatwheel" YouTube channel www.youtube.com/channel/UC_7p3yqxNR24i-9Qtu1Haxg.  (Dkt. No. 16-1 at ¶¶ 2-3.)  Future Motion "determined that the domain owner was masking its identity, other than stating it was located in Guangxi, China," and that the owner of the YouTube channel provided no public identifying information.  (*Id.*)  On November 16, 2020, Future Motion's counsel attempted to contact Defendant through the domain Registrar (GoDaddy), and received an email from 425136673@qq.com to submit a cease and desist letter to 425136673@qq.com.  (*Id.* at ¶ 4; Dkt. No. 16-4 at 2.)  That same day, Future Motion sent a cease and desist demand letter to 425136673@qq.com and received a return email confirming that the letter was received.  (Dkt. No. 16-1 at ¶¶ 5-6; Dkt. Nos. 16-5, 16-6.)  Future Motion's investigation revealed that "the email provider qq.com is based in China and operated by the Tencent corporation of China.  This can be confirmed, for example, by visiting the website https://en.mail.qq.com/."  (Dkt. No. 16-1 at ¶ 8.)

Less than a week after receipt of the cease and desist letter, Defendant removed its products for sale; however, as of March 15, 2021, Defendant is again offering its products for sale.  (Dkt. No. 16-1 at ¶ 7.)  Upon discovering that Defendant was again offering its products for sale, Future Motion "set[] up an order to confirm that the Defendant would ship its products to the United States."  (*Id.* at ¶ 9.)  In doing so, Future Motion discovered that Defendant's e-commerce website provides the contact email address diyonewheel@gmail.com for inquires related to Defendant's terms of service, privacy policy, refund policy, and shipping policy.  (*Id.* at ¶ 9; Dkt. No. 16-7.)  After the Court denied Future Motion's motion to serve by electronic mail (Dkt. No. 14), Future Motion emailed Defendant's 425136673@qq.com email address to locate a physical address, to no avail.  (Dkt. No .16-8.)

Future Motion thus seeks leave to provide service of the summons and complaint by electronic mail because it cannot determine Defendant's identity and physical address after Future Motion (1) directly asked for Defendant's physical address, (2) engaged a native Chinese speaker to search for Defendant's identity and physical address, (3) engaged a native Chinese speaker to investigate Defendant's website and search for associated contact information; (4) engaged a

United States District Court
Northern District of California

1    native Chinese speaker to search WHOIS records on the Chinese WHOIS database ; and (5)

2    searched for Defendant's contact information on the Chinese government's website.  (Dkt. No. 16

3    at 2.)

4                                    **LEGAL STANDARD**

5          Federal Rule of Civil Procedure 4(f) provides the applicable authority to serve an

6    individual in a foreign country.  Under Rule 4(f)(3), courts can order service through a variety of

7    methods, "including publication, ordinary mail, mail to the defendant's last known address,

8    delivery to the defendant's attorney, telex, and most recently, email[,]" so long as the method of

9    service is not prohibited by an international agreement.  *Rio Props., Inc. v. Rio Intern. Interlink*,

10   284 F.3d 1007, 1016 (9th Cir. 2002) (citation omitted).  "However, the fact that an alternative

11   method of service is not prohibited by international agreement does not mean that the plaintiff is

12   entitled to use such a method under Rule 4(f)(3)."  *Keck v. Alibaba.com, Inc*., 330 F.R.D. 255,

13   257–58 (N.D. Cal. 2018).  It is within a court's "sound discretion" to determine whether "the

14   particularities and necessities of a given case require alternate service of process under Rule

15   4(f)(3)."  *Rio Properties*, 284 F.3d at 1016.  To comport with due process, alternate service of

16   process must be "reasonably calculated to apprise interested parties of the pendency of the action

17   and afford them an opportunity to present their objections."  *Id.* at 1016–17 (citation omitted).

18                                      **DISCUSSION**

19         Future Motion has shown that alternative service by electronic mail to

20   425136673@qq.com and diyonewheel@gmail.com satisfies Rule 4(f)(3).

21   **A.  International Agreement Does Not Prohibit Service by Electronic Mail**

22         The United States and China are both parties to the Hague Service Convention, which is a

23   treaty that simplifies, standardizes, and improves the process of serving documents internationally.

24   *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, No. 19-CV-01167-JST, 2020 WL 5036085

25   at * 5 (N.D. Cal. Aug. 19, 2020) (citation omitted); Hague Service Convention, Nov. 15, 1956,

26   T.I.A.S. No. 6638 (Feb. 19, 1969).  Although compliance with the Hague Service Convention is

27   mandatory, Article 1 of the Hague Service Convention states that it does not apply "where the

28   address of the person to be served with the document is not known."  *Volkswagenwerk*

3

1   *Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988); Hague Service Convention art. 1.  Here,

2   Future Motion has met its burden to demonstrate that Defendant's address is "not known."  Future

3   Motion utilized a Chinese speaking partner to conduct an online search to attempt to obtain

4   Defendant's address.  Moreover, Future Motion sent an email to 425136673@qq.com requesting a

5   physical address.

6        Future Motion has sufficiently shown that Defendant's address is unknown, thus, service

7   under Rule 4(f)(3) is appropriate. *See Rio Props*., 284 F.3d at 1016.

8      **B.  Service by Electronic Mail is Reasonably Calculated to Provide Actual Notice to**

9         **Defendant**

10        Future Motion has adequately shown that service by electronic mail would provide actual

11   notice to Defendant.  Service by electronic mail is reasonably calculated to provide actual notice

12   when the test email is not returned as undeliverable or bounced back.  *Toyo Tire & Rubber Co. v.*

13   *CIA Wheel Grp*., No. 15-0246, 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016).   Moreover,

14   service by email satisfies due process when foreign defendants previously communicated by

15   email.  *See, e.g.*, *Goes Int'l, AB v. Dodur Ltd*., No. 14-CV-5666, 2015 WL 1743393, at *3 (N.D.

16   Cal. Apr. 16, 2015); *Gen. Star Indem. Co. v. First Am. Title Ins. Co. of Nap*a, No. 20-CV-03210-

17   TSH, 2020 WL 8614189, at *6 (N.D. Cal. Sept. 25, 2020).

18        Here, Future Motion sent an email to Defendant's 425136673@qq.com email address and

19   the email recipient confirmed receipt.  (Dkt. No. 16-4 at 2; Dkt. No. 16-6 at 2.)  In addition,

20   Defendant subsequently stopped the sale of the product which suggests that the demand letter was

21   received and understood.  (Dkt. No. 16-1 at 3.)  Under these circumstances, service by electronic

22   mail to Defendant's 425136673@qq.com email address is reasonably calculated to provide notice

23   to Defendant and afford Defendant an opportunity to present objections.  Moreover, Defendant's

24   diyonewheel@gmail.com email address would further provide notice to Defendant.

25   //

26   //

27   //

28

4

*United States District Court*
*Northern District of California*

**CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiffs' motion to serve the Defendant by alternative means.

This Order disposes of Docket No. 16.

**IT IS SO ORDERED.**

Dated: July 20, 2021

JACQUELINE SCOTT CORLEY

United States Magistrate Judge

United States District Court
Northern District of California