1

DAVID J. MICLEAN (SBN 115098)
dmiclean@micleangleason.com

2

MICLEAN GLEASON LLP
1301 Shoreway Road, Suite 290

3

Belmont, CA  94002

4

Telephone:  (650) 684-1181

5

SHAWN J. KOLITCH (*admitted pro hac vice*)
shawn@kolitchromano.com

6

Oregon State Bar No. 063980

7

KOLITCH ROMANO LLP
520 S.W. Yamhill Street, Suite 200

8

Portland, OR  97204

9

Telephone:  (503) 994-1650

10

*Attorneys for Plaintiff*
*FUTURE MOTION, INC.*

11

12

**UNITED STATES DISTRICT COURT**

13

**NORTHERN DISTRICT OF CALIFORNIA**

14

15

16

FUTURE MOTION, INC.,

17

        *Plaintiff,*

18

        v.

19

JOHN DOE, an unknown party doing business as
FLOATWHEEL,

20

21

        *Defendant.*

22

23

24

| | |
|---|---|
| Case No. 5:21-cv-03022-JSC | |
| Hon. Jacqueline Scott Corley | |

**NOTICE OF MOTION AND MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT**

Date:   October 28, 2021
Time:   9:00 a.m.
Dept.:  Courtroom E, 15th Floor
        San Francisco Courthouse

Complaint Filed: April 26, 2021

25

26

27

28

**TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on October 28, 2021 at 9:00 a.m., or the earliest available date and time that this matter may be heard in Courtroom E, 15th Floor of this Court located at the Phillip Burton Federal Building, 450 Golden Gate Ave, San Francisco, California, 94102, Plaintiff Future Motion, Inc., by and through its undersigned counsel, will and hereby does move for a final default judgment granting permanent injunctive relief in accordance with the terms of the concurrently filed proposed order, including a) an order to all internet service providers to take any actions necessary to remove the infringing products from websites controlled by Defendant and accessible to U.S. customers, or alternatively to disable access to the websites by U.S. customers; b) an order to all service providers hosting online videos to take any actions necessary to remove Defendant's videos that induce infringement of Future Motion's asserted patents, or alternatively to disable access to the videos by U.S. customers; and c) an order to any payment processing service that facilitates Defendant's receipt of payments for sales of the infringing products to take any actions necessary to terminate Defendant's ability to receive payments for the infringing products from U.S. customers.

This Motion is made and based on the Court's prior orders, including the August 26, 2021 Clerk's Notice entering default [ECF No. 22]; the concurrently filed Plaintiff's Supporting Memorandum of Points and Authorities for Motion for Final Default Judgment; the Proposed Final Default Judgment Against Defendant; the Proposed Order Granting Permanent Injunctive Relief Against Defendant; and all other such matters as may be presented at the hearing on this motion.

//

//

//

//

Dated:  September 21, 2021

Respectfully Submitted,
MICLEAN GLEASON LLP


By:    /s/ David J. Miclean
David J. Miclean
*Attorneys for Plaintiff Future Motion, Inc.*

Dated:  September 21, 2021

Respectfully Submitted,
KOLITCH ROMANO LLP


By:    /s/ Shawn J. Kolitch
Shawn J. Kolitch (*pro hac vice*)
*Attorneys for Plaintiff Future Motion, Inc.*

NOTICE OF MOTION AND MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT
5:21-CV-03022-JSC

DAVID J. MICLEAN (SBN 115098)
dmiclean@micleangleason.com
MICLEAN GLEASON LLP
1301 Shoreway Road, Suite 290
Belmont, CA  94002
Telephone:  (650) 684-1181

SHAWN J. KOLITCH (*admitted pro hac vice*)
shawn@kolitchromano.com
Oregon State Bar No. 063980
KOLITCH ROMANO LLP
520 S.W. Yamhill Street, Suite 200
Portland, OR  97204
Telephone:  (503) 994-1650

*Attorneys for Plaintiff*
*FUTURE MOTION, INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUTURE MOTION, INC.,<br><br>    *Plaintiff,*<br><br>    v.<br><br>JOHN DOE, an unknown party doing business as FLOATWHEEL,<br><br>    *Defendant.* | Case No. 5:21-cv-03022-JSC<br><br>**PLAINTIFF'S SUPPORTING MEMORANDUM OF POINTS OF AUTHORITY FOR MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT**<br><br>Date:   October 28, 2021<br>Time:  9:00 a.m.<br>Dept.:  Courtroom E, 15th Floor<br>       San Francisco Courthouse<br><br>Before the Honorable Jacqueline Scott Corley |

## <u>Table of Contents</u>

I.   SUMMARY OF RELIEF REQUESTED ............................................................5

II.  HISTORY OF THE ACTION.......................................................................6

    A.  Future Motion's Allegations .................................................................6

    B.  Relevant Procedural History ................................................................6

III. ARGUMENT .............................................................................................7

    A.  Standard for Entering Default Judgment ................................................7

    B.  Entry of Default Judgment is Supported by the Merits of the Action ....................8

    C.  Plaintiff is Entitled to a Permanent Injunction........................................10

        1)   Plaintiff has suffered irreparable injury ...................................11

        2)   The remedies available at law, such as monetary damages, are inadequate to compensate for that injury ...................................................12

        3)   Considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted ................................................13

        4)   The public interest would not be disserved by a permanent injunction.....14

IV.  CONCLUSION ........................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Abbott Labs. v. Andrx Pharms., Inc.*,
    452 F.3d 1331, 1348 (Fed. Cir. 2006) ...................................................14

*Benny v. Pipes*,
    799 F.2d 489, 495 (9th Cir. 1986) ..................................................7, 12

*DirecTV, Inc. v. Hoa Huynh*,
    503 F.3d 847, 854 (9th Cir. 2007) ..................................................8, 12

*Fair Housing of Marin v. Combs*,
    285 F.3d 899, 905 (9th Cir. 2002) ........................................................7

*eBay Inc. v. MercExchange, LLC*,
    547 U.S. 388, 391 (2006) ...........................................................11, 15

*eBay, Inc. v. Bidder's Edge, Inc.*,
    100 F. Supp. 2d 1058, 1069 (N. D. Cal. 2000).....................................13

*Hybritech, Inc. v. Abbott Law*,
    4 U.S.P.Q.2d 1001 (C.D. Cal. 1987) .....................................................14

*Richardson v. Suzuki Motor Co., Ltd.*,
    868 F.2d 1226, 1247 (Fed. Cir. 1989) ...................................................12

*Rio Properties, Inc. v. Rio Intern. Interlink*,
    284 F.3d 1007, 1022 (9th Cir. 2002) .......................................................7

*Securities & Exch. Com'n v. Murphy*,
    626 F.2d 633, 655 (9th Cir. 1980) .........................................................11

*Smith Intern, Inc. v. Hughes Tool Co.*,
    4 U.S.P.Q.2d 1001 (C.D. Cal. 1987) .....................................................12

*Tara Prods., Inc. v. Hollywood Gadgets, Inc.*,
    449 F. Appx. 908, 911-12 (11th Cir. 2011)............................................11

*United Construction Products, Inc. v. Tile Tech., Inc.*,
    No. 2:14-cv-08570-R-VBK (C. D. Cal. Dec. 1, 2015)................................10

*United States v. W.T. Grant Co.*,
    345 U.S. 629, 633 (1953) ....................................................................11

PLAINTIFF'S SUPPORTING MEMORANDUM FOR MOTION FOR FOR FINAL DEFAULT JUDGMENT
5:21-CV-03022-JSC

1

**STATUTES**

2

35 U.S.C. § 271(b) ..............................................................................................8, 10

3

35 U.S.C. § 271(c) ..............................................................................................9, 10

4

35 U.S.C. § 283 ........................................................................................................11

5

**OTHER AUTHORITIES**

6

Fed. R. Civ. P. 4(f)(3) ...............................................................................................7

7

Fed. R. Civ. P. 8(b)(6) ..............................................................................................8

8

Federal Rule Civ. P. 55(b)(2) ...............................................................................5, 7

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S SUPPORTING MEMORANDUM FOR MOTION FOR FOR FINAL DEFAULT JUDGMENT
5:21-CV-03022-JSC

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiff Future Motion, Inc. ("Plaintiff" or "Future Motion") submits this memorandum in support of its motion for final default judgment pursuant to Federal Rules of Civil Procedure 55(b)(2) against Defendant in this action, an unknown party doing business as Floatwheel ("Defendant").

## I.      SUMMARY OF RELIEF REQUESTED

Plaintiff does not request any monetary relief as part of default judgment.  As described in more detail below, Plaintiff seeks only equitable relief in the form of a permanent injunction that will prevent Defendant from offering, selling, or importing the infringing products into the United States, and that will prevent Defendant from posting videos that induce infringement.  In addition to an order directly enjoining Defendant's conduct, and in view of Defendant's unknown location and identity, Plaintiff also seeks the following:

a) an order to all internet service providers or website hosting companies to take any actions necessary to remove the infringing products from websites controlled by Defendant and accessible to U.S. customers, at least including floatwheel.com, or alternatively to disable access to the websites by U.S. customers;

b) an order to all service providers hosting online videos to take any actions necessary to remove Defendant's videos that induce infringement, or alternatively to disable access to the videos by U.S. customers; and

c) an order to any payment processing service that facilitates Defendant's receipt of payments for sales of the infringing products to disable Defendant's ability to process and collect payments for such sales from U.S. customers.

## II.   HISTORY OF THE ACTION

### A.   Future Motion's Allegations

Future Motion makes and sells the popular Onewheel® self-balancing electric skateboards. Future Motion owns numerous patents related to the Onewheel, including U.S. Pat. Nos. 9,452,345 ("the '345 patent"), 9,717,978 ("the '978 patent"), 9,802,109 ("the '109 patent"), 9,861,877 ("the '877 patent"), and 10,143,910 ("the '910 patent") (collectively "the Future Motion Patents") asserted in this action.  In its Complaint, filed on April 26, 2021, Future Motion alleges that Defendant is making, using, offering for sale, selling, and/or importing into the U.S. a collection of components that contributorily infringe one or more claims of the Future Motion Patents. Specifically, Future Motion alleges that, at least through its e-commerce website floatwheel.com, Defendant is contributorily infringing the Future Motion Patents by offering for sale various components, including a "DIY kit," (the "Accused Products") the only conceivable use of which is to construct an infringing knockoff version of Future Motion's patented self-balancing electric skateboard. ECF No. 1.

Additionally, Future Motion alleges that Defendant is inducing infringement of the Future Motion Patents by teaching U.S. customers how to construct a self-balancing electric skateboard that infringes at least one claim of each of the Future Motion Patents, at least through videos Defendant posts on its "Floatwheel" YouTube channel. *Id.*

### B.   Relevant Procedural History

Prior to filing its Complaint, Future Motion attempted to contact and ascertain the identity of the individual or entity operating the website floatwheel.com and the "Floatwheel" YouTube channel. Future Motion could only determine two email addresses associated with the Defendant: 425136673@qq.com and diyonewheel@gmail.com. Future Motion sent its initial demand letter to the first of these email addresses, and received a response indicating that Defendant received it.

Furthermore, Defendant almost immediately stopped selling the infringing products after receiving the demand letter, before resuming sales some months later. ECF No. 1, ¶ 22. This demonstrates that Defendant received and understood Future Motion's infringement allegations, but ultimately chose to ignore the allegations.

After filing the Complaint, and after the Court denied Plaintiff's first motion requesting permission to serve Defendant by email, Plaintiff made further extensive efforts to identify Defendant. Despite these efforts, Plaintiff was unable to determine Defendant's identity or physical address.  Accordingly, on July 9, 2021, Plaintiff filed a second Motion to Permit Service of Foreign Defendant by Email. ECF No. 16. On July 20, 2021, the Court granted this Motion pursuant to Fed. R. Civ. P. 4(f)(3). ECF No. 17.

On July 20, 2021, in accordance with the Court's order of ECF No. 17 allowing email service, Plaintiff served Defendant with copies of the summons and Complaint in this action by email to 425136673@qq.com and diyonewheel@gmail.com. ECF No. 18. Defendant failed to answer or respond to the to the Complaint within 21 days after the date of service, and the clerk entered default against Defendant on August 26, 2021. ECF No. 22. Plaintiff now requests that the Court enter the attached proposed Order Granting Plaintiff's Motion for Entry of Default Judgment and Order Granting Permanent Injunction Against Defendant ("Proposed Injunction").

## III.   ARGUMENT

### A.   Standard for Entering Default Judgment

Under Federal Rule 55(b)(2), this Court may enter a default judgment against a defendant that has failed to appear and defend. Entry of a default judgment is appropriate if the defendant's liability is well-pled in the complaint and the defendant has failed to participate in the litigation in good faith. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002); *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002); *Benny v. Pipes*, 799 F.2d 489, 495

7

(9th Cir. 1986); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

To determine whether default judgment is appropriate, the following factors are considered: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *see also Robert Bosch LLC v. Juijiang Yada Traffic Equipment Co. Ltd.*, No. 2:10-CV-1926 JCM (LRL) (D. Nev. April 4, 2011) (analyzing factors in a case involving a non-responsive foreign defendant).

## B.      Entry of Default Judgment is Supported by the Merits of the Action

Each factor in determining whether the Court should grant default judgment weighs towards issuing a default judgment in this case.

First, there will be substantial prejudice to Future Motion if the default judgment is not entered. As Defendant has failed to respond, Defendant has effectively admitted to the infringement and the harm that it has caused. *DirecTV, Inc.*, 503 F.3d at 851. Substantial prejudice to Future Motion will remain if the court does not provide a remedy, because Defendant will be able to continue its infringing activities. This weighs toward granting default judgment against the Defendant.

Second, Plaintiff's claims have merit and, third, the Complaint sufficiently pleads them. 35 U.S.C. § 271(b) states that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." The Complaint contains well-pled factual allegations that Defendant has actively induced infringement of the Future Motion Patents by "publishing videos that teach consumers,

including customers who purchase the Accused Products, how to construct a self-balancing electric skateboard" that infringes the Future Motion Patents. ECF No. 1, ¶¶ 24, 30, 36, 42, 48. Exhibit H of the Complaint shows a screenshot of the "Floatwheel" YouTube channel where the videos can be found. ECF No. 1-8. These infringement-inducing videos include a "DIY onewheel indepth tutorial." ECF No. 1, ¶ 20.

35 U.S.C. § 271(c) states that "[w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, . . . , constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, shall be liable as a contributory infringer." The Complaint contains well-pled factual allegations that Defendant has contributorily infringed the Future Motion Patents by making, selling, offering to sell, and/or importing the Accused Products. ECF No. 1, ¶¶ 23, 29, 35, 41, 47. Exhibit F of the Complaint includes screenshots showing the Accused Products for sale to U.S. customers on the floatwheel.com website. ECF No. 1-6.

Additionally, Exhibit G of the Complaint includes claim charts showing in detail how the Accused Products contributorily infringe, and how Defendant induces infringement of, various claims of the Future Motion Patents. ECF No. 1-7. Because Plaintiff has pled claims with merit, and because Plaintiff included documentation proving the claims, the second and third factors weigh towards issuing a default judgment against the Defendant.

Fourth, there is no money at issue since Defendant has not responded and cannot be located, and because Future Motion is not seeking a monetary judgment. *See Robert Bosch LLC v. Juijiang Yada Traffic Equipment Co. Ltd.*, No. 2:10-CV-1926 JCM (LRL) (D. Nev. April 4, 2011). This factor weighs towards entering a default judgment against the Defendant.

Fifth, the Court has no grounds to dispute Plaintiff's claims since the Defendant has not responded to the Court or to the Plaintiff regarding the allegations. As such, the Court should not recognize any possibility of a dispute concerning material facts, and this factor should weigh towards a default judgment.

Sixth, while the current status of the Defendant is unknown, the Defendant did respond to a cease-and-desist letter and did remove the infringing products from their website for a period of time after receiving and acknowledging the letter. ECF No. 1. This shows that the Defendant has, at least, some level of understanding of the issue, and a likelihood that Defendant received the Complaint. Defendant's default was not caused by excusable neglect, and the lack of excusable neglect should weigh towards a default judgment.

Seventh, and finally, public policy is served by the administration of justice and by the enforcement of patent rights. Defendant's failure to respond makes adjudication impossible beyond entering a default judgment. *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor also weighs toward entering default judgment.

Given Future Motion's well-pled allegations, Defendant's failure to answer or defend, Defendant's ostensible receipt of the Complaint and patent infringement allegations (and decision to ignore them and remain hidden), and each factor weighing towards entering default judgment, the Court should enter a final default judgment against Defendant for patent infringement under 35 U.S.C. § 271(b)-(c). *See, e.g., United Construction Products, Inc. v. Tile Tech., Inc.*, No. 2:14-cv-08570-R-VBK (C. D. Cal. Dec. 1, 2015).

## C.   Plaintiff is Entitled to a Permanent Injunction

Plaintiff seeks injunctive relief against Defendant for infringement of the Future Motion Patents. The requested relief is detailed in the Proposed Injunction and is tailored to the allegations of the Complaint.

10

A permanent injunction is justified when there is a "cognizable danger of recurrent violation," *United States v. W.T. Grant Co*., 345 U.S. 629, 633 (1953), and where courts can infer "[t]he existence of past violations may give rise to an inference that there will be future violations..." *Securities & Exch. Com'n v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980).

It is within the Court's discretion to enter injunctive relief at this stage, without holding an evidentiary hearing. *Tara Prods., Inc. v. Hollywood Gadgets, Inc*., 449 F. Appx. 908, 911-12 (11th Cir. 2011). In this case, the Complaint against Defendant seeks a permanent injunction to prevent future violations of Plaintiff's rights under 35 U.S.C. § 283, including making, using, selling, offering to sell, and importing the Accused Products, and from publicly posting videos or disseminating any other physical or digital content that teach customers how to use the Accused Products to construct an infringing product.

In order to secure a permanent injunction, a Plaintiff must meet a four-factor test: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *Amini Innovation Corp. v. KTY Intern. Marketing*, 768 F. Supp. 2d 1049 (C. D. Cal. 2011). All factors weigh towards a permanent injunction.

### 1) Plaintiff has suffered irreparable injury.

Plaintiff has been irreparably harmed by the continued inducement of infringement and contributory infringement by the Defendant. The Accused Products and the videos posted by Defendant allow the construction of self-balancing electric skateboards that compete illegally with the products of Future Motion, which has caused, and if not enjoined will continue to cause lost sales and a diminished market for Future Motion's legitimate products. ECF No. 1. Future Motion

11

has received no compensation from Defendant for use of its patent rights, from which Defendant is profiting.

Irreparable harm can be shown when "a clear showing has been made of patent validity and infringement." *Richardson v. Suzuki Motor Co*., Ltd., 868 F.2d 1226, 1247 (Fed. Cir. 1989), citing *Smith Intern, Inc. v. Hughes Tool Co*., 718 F.2d 1573, 1581 (Fed Cir. 1983); *see also Robert Bosch LLC v. Juijiang Yada Traffic Equipment Co. Ltd.*, No. 2:10-CV-1926 JCM (LRL) (D. Nev. April 4, 2011). The Complaint pleads the validity of each of the Future Motion Patents (which is also presumed for issued patents) and their infringement by Defendant. These well-pled factual allegations of the Complaint are deemed to have been admitted and taken as true because of Defendant's default. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007); *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986). Thus, irreparable harm is presumed because the Complaint includes statements of patent validity, infringement, and material harm.

### 2) The remedies available at law, such as monetary damages, are inadequate to compensate for that injury.

Plaintiff has no adequate remedy at law to address the injury caused by Defendant's conduct. Even with extensive research and due diligence, Future Motion has been unable to ascertain the identity of Defendant, although there are indications that Defendant is located in China, including Chinese-language headers on Defendant's email messages, the fact the Defendant's email provider is based in China, and the fact that the Registrar for the domain floatwheel.com identifies the domain owner as located in Guangxi, China. ECF No. 16, ¶¶ 6-7, 12. No money is likely to be recovered from an unknown entity with no apparent U.S. address. *See RPA Int'l Pty Ltd. v. Compact Int'l Inc*., No. 06cv1147 WQH (AJB), 2010 U.S. Dist. LEXIS 81171, at *25-27 (S.D. Cal. Aug. 11, 2010) ("Plaintiffs are unlikely to be able to recover damages awarded by this court because defendants are located overseas or have defaulted in this litigation"). As the

Defendant has not responded to this Court, it is extremely likely that the Defendant would also not respond to any demands for monetary compensation, much less pay any actual compensation to Future Motion.

Furthermore, Defendant has indicated a willingness to continue its infringement, as evidenced by Defendant's removal of the Accused Products around November 24, 2020, and subsequent reinstatement of the Accused Products and videos before March 15, 2020. ECF No. 1, ¶ 22. Further, Defendant's lack of response to the summons and Complaint indicate that the Defendant intends to continue infringement of the Future Motion Patents and is unlikely to obey this Court's orders.

The only adequate way to stop Future Motion's continued injury is to cut off Defendant from the tools to engage in its infringing activity on the internet. Specifically, Defendant's infringing activities require website hosting, video hosting, and payment processing to continue. The only sufficient remedy is an order that will facilitate disabling the infringing aspects of Defendant's e-commerce website, Defendant's infringement-inducing videos, and payment processing for Defendant's U.S. sales of the infringing products.

In addition, an injunction will allow Future Motion to address any subsequent attempts by Defendant to continue or restart its infringing activities.

### 3) Considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted.

The hardship to Defendant of permanently enjoining its infringing conduct is limited to the injury ordinarily expected when an injunction is imposed. Mere hardship incurred in the process of ceasing operations is not sufficient to avoid an injunction. "One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d

13

1058, 1069 (N. D. Cal. 2000) (quoting *Windsurfing Int'l, Inc. v. AMF, Inc.*,782 F.2d 995, 1003 n. 12 (Fed.Cir.1986)).

On the other hand, Plaintiff is entitled to enjoy the exclusive rights afforded under the Future Motion Patents. Future Motion's business is to sell products covered by its own patents. Without an injunction to prevent Defendant's infringing actions, Future Motion's rights, its ability to enforce those rights, and the profit derived from selling products covered by its patents, will be continually harmed.

Accordingly, the balance of hardships favors Future Motion, whose economic well-being depends on its use and enforcement of patent rights. Therefore, a permanent injunction is warranted.

### 4) The public interest would not be disserved by a permanent injunction.

The public has an interest in a strong patent system. Accordingly, public policy generally favors the enforcement of patent rights. *See Robert Bosch LLC v. Juijiang Yada Traffic Equipment Co. Ltd.*, No. 2:10-CV-1926 JCM (LRL) (D. Nev. April 4, 2011); *Abbott Labs. v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006). Therefore, public interest will not be disserved by a permanent injunction.

There are rare and limited circumstances in which an injunction would be contrary to a significant public interest such as health and safety concerns. *See*, e.g., *Hybritech, Inc. v. Abbott Law.*, 4 U.S.P.Q.2d 1001 (C.D. Cal. 1987) (public interest required that injunction not stop supply of medical test kits that the patentee itself was not marketing), *aff'd*, 849 F.2d 1446 (Fed. Cir. 1988). No such interests are implicated here, because the Accused Products are not essential for the public health or public welfare. Furthermore, other recreational products exist and are suitable

PLAINTIFF'S SUPPORTING MEMORANDUM FOR MOTION FOR FOR FINAL DEFAULT JUDGMENT
5:21-CV-03022-JSC

substitutes for Defendant's infringing products, including Future Motion's own patented Onewheel products. Accordingly, this factor does not favor the defendant.

Overall, because the *eBay v. MercExchange* balancing test strongly favors Future Motion, the Court should grant a permanent injunction against Defendant.

## IV.   CONCLUSION

Based on the foregoing, the Court should permanently enjoin the Defendant from making, using, selling, offering to sell, and importing the Accused Products; permanently enjoin the Defendant from publicly posting videos or disseminating any other physical or digital content that teach customers how to use the Accused Products to construct an infringing product; issue an order to all internet service providers to take any actions necessary to remove the infringing products from websites controlled by Defendant; issue an order to all service providers hosting online videos to take any actions necessary to remove Defendant's videos that induce infringement; and issue an order to any payment processing service that facilitates Defendant's receipt of payments for sales of the infringing products to U.S. customers.

Dated:  September 21, 2021          Respectfully Submitted,
                                    MICLEAN GLEASON LLP


                                    By:   /s/ David J. Miclean
                                          David J. Miclean
                                          *Attorneys for Plaintiff Future Motion, Inc.*

Dated:  September  21, 2021         Respectfully Submitted,
                                    KOLITCH ROMANO LLP


                                    By:   /s/ Shawn J. Kolitch
                                          Shawn J. Kolitch (*pro hac vice*)
                                          *Attorneys for Plaintiff Future Motion, Inc.*