1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    FUTURE MOTION, INC.,                  Case No. 21-cv-03022-JSC

8                    Plaintiff,
                                           **ORDER TO SHOW CAUSE RE:**
9         v.                               **PERSONAL JURISDICTION**

10   JOHN DOE,                             Re: Dkt. No. 23

11                   Defendant.

12

13         Plaintiff Future Motion, Inc., filed suit against John Doe, an unknown party doing business

14   as Floatwheel, alleging patent infringement in violation of the Patent Act, 35 U.S.C. §§ 1, *et seq.*,

15   and specifically in violation of 35 U.S.C. § 271(b)–(c). (Dkt. No. 1 at 2.) Now pending before the

16   Court is Plaintiff's motion for default judgment. (Dkt. No. 23.) Because the Court has concerns

17   regarding whether it has personal jurisdiction over Defendant, the Court ORDERS Plaintiff to

18   SHOW CAUSE as set forth below.

19         A default judgment rendered by a court lacking personal jurisdiction over the defendant is

20   void. *See, e.g.*, *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706

21   (1982). Whether the district court has personal jurisdiction over a plaintiff's patent infringement

22   claim against a nonresident defendant is controlled by Federal Circuit law—"the jurisdictional

23   issue is 'intimately involved with the substance of the patent laws.'" *Avocent Huntsville Corp. v.*

24   *Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008) (internal citation omitted).  Two questions

25   determine whether there is personal jurisdiction over a nonresident defendant: "whether a forum

26   state's long-arm statute permits service of process, and whether the assertion of personal

27   jurisdiction would violate due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir.

28   2001).  California's long-arm statute is coextensive with federal due process requirements and thus

United States District Court
Northern District of California

1    the jurisdictional analysis is the same. *See* Cal. Civ. Proc. Code § 410.10; *see also Avocent*

2    *Huntsville Corp.*, 552 F.3d at 1329. Although the plaintiff has the burden of establishing the

3    court's personal jurisdiction over the defendant, the plaintiff need only make a prima facie

4    showing of personal jurisdiction. *Id.* at 1328–29.

5         "[A] defendant may be subject to either specific jurisdiction or general jurisdiction." *LSI*

6    *Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (citing *Burger King*

7    *Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985)); *see generally Walden v. Fiore*, 571 U.S. 277,

8    283 n.6 (2014) (explaining that general jurisdiction "permits a court to assert jurisdiction over a

9    defendant based on a forum connection unrelated to the underlying suit" while specific jurisdiction

10   depends on "an 'activity or an occurrence that takes place in the forum State and is therefore

11   subject to the State's regulation'") (internal citation omitted).

12        Plaintiff does not allege any facts which plausibly suggest that Defendant "maintains

13   continuous and systematic contacts" with California as required for general personal jurisdiction.

14   *See AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360–61 (Fed. Cir. 2012) ("General

15   jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum

16   state even when the cause of action has no relation to those contacts.") (internal quotations and

17   citation omitted); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)

18   (holding that the defendant's contact was not of a "continuous and systematic" nature and thus

19   could not "support an assertion of in personam jurisdiction" over the defendant by the forum

20   state); *LSI Indus., Inc.*, 232 F.3d at 1375 (holding that "a court must look at the facts of each case"

21   to determine "whether a defendant's activities within a state are 'continuous and systematic.'").

22        For a court to exercise specific jurisdiction, the suit must arise out of or relate to a

23   defendant's contacts with the forum state. *Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct.

24   1773, 1780 (2017); *see also Walden*, 571 U.S. at 290 n.9 ("[T]he 'minimum contacts' inquiry

25   principally protects the liberty of the nonresident defendant, not the interests of the plaintiff.")

26   (internal citation omitted); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565

27   (Fed. Cir. 1994) (holding that the sufficient minimum contacts requirement was met where the

28   accused product was "purposefully shipped" into the forum state "through an established

United States District Court
Northern District of California

1   distribution channel" and the patent infringement claim "is alleged to arise out of these

2   activities"). A defendant's "'random, fortuitous, or attenuated' contacts" will not suffice. *Walden*,

3   571 U.S. at 286 (citing *Burger King*, 471 U.S. at 475).

4         The Federal Circuit applies a three-part test to determine whether a nonresident defendant

5   is subject to specific personal jurisdiction: (1) a nonresident defendant must purposefully direct his

6   activities at residents of the forum; (2) the claim must arise from or relate to these forum-related

7   activities; and (3) the exercise of jurisdiction must be reasonable and fair. *See Breckenridge*

8   *Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006) (internal citation

9   omitted). The first prong of the test requires more than mere presence on the internet or

10  availability of an "essentially passive" website. *Trintec Indus., Inc. v. Pedre Promotional Prods.,*

11  *Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005); *see also NexLearn LLC v. Allen Interactions, Inc.*, 859

12  F.3d 1371, 1378 (Fed. Cir. 2017) ("The existence of [defendant's] website, without more, is

13  insufficient to show that [defendant] has minimum contacts with [the forum state]."). "What is

14  sufficient may vary from case to case, but it cannot be that the mere existence of an interactive

15  website, like the existence of an out-of-state store, is 'suit-related conduct . . . creat[ing] a

16  substantial connection with the forum State.'" *NexLearn LLC*, 859 F.3d at 1379 (citing *Walden*,

17  571 U.S. at 284). Similarly, access to the defendant's website by forum state residents "does not

18  by itself show any persistent course of conduct by the defendants in the District." *Trintec Indus.,*

19  *Inc.*, 395 F.3d at 1281 (internal quotations and citation omitted). If the nonresident defendant's

20  connection to the forum is a website, the plaintiff must provide additional facts to satisfy the

21  purposeful direction requirement, such as the "availability and use of a highly interactive,

22  transaction-oriented website" or "something additional beyond a website." *Id.*

23        Plaintiff's motion for default judgment does not address personal jurisdiction. The

24  Complaint alleges as follows:

25          Upon information and belief, Defendant, doing business as

26          Floatwheel, is subject to personal jurisdiction by this Court, because
            Floatwheel advertises and sells its products to customers within this

27          district. By committing the purposeful act of injecting its products
            into the nationwide stream of commerce through the e-commerce
            website floatwheel.com, including to customers within this district,

28          Defendant reasonably knew or expected that he could be hauled into

> court within this district. Accordingly, personal jurisdiction exists, and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(3), (c)(2), and (c)(3).

(Dkt. No. 1 ¶ 6.) The facts upon which Plaintiff relies are too vague for the Court to make an informed judgment on the jurisdictional issue. *See Trintec Indus., Inc.*, 395 F.3d at 1281 (holding that the plaintiff's "evidence is sparse and contains gaps sufficient to cause us to conclude that additional evidence is needed before a decision on jurisdiction properly can be made"); *see also NexLearn LLC*, 859 F.3d at 1380 (describing defendant's single offer email for a free trial of defendant's infringing software as "too attenuated to establish minimum contacts" with the forum state and "too insignificant to justify haling it into court").

The Complaint does not allege that Defendant advertised or even sold its infringing products to California residents. *See NexLearn LLC*, 859 F.3d at 1379 (finding "no evidence that [defendant's] website facilitated the making, using, offering, or selling" of the infringing product in the forum state in order to connect the website with the patent infringement claim); *see also Fujitsu Ltd. v. Belkin Int'l., Inc.*, 782 F.Supp.2d 868, 884 (N.D. Cal. 2011) (finding a prima facie case of personal jurisdiction when the defendant "purposefully directed its activities at residents of the forum by selling allegedly infringing goods into California . . . or directly to California customers, and [plaintiff's] claim arises out of or relates to those sales"). Nor does it allege that Defendant maintains a distribution channel to sell its infringing products in California. *See Nuance Comm., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1233–34 (Fed. Cir. 2010) (finding specific jurisdiction when "[Defendant] purposefully ships the accused software products into California through an established distribution channel, with the expectation that copies of those products will be sold in California" and the patent infringement claim was based on those activities) (citation omitted). The creation of an "essentially passive" website alone is an insufficient basis for the Court to obtain personal jurisdiction over a defendant. *See Trintec Indus., Inc.*, 395 F.3d at 1281.

Accordingly, the Court ORDERS Plaintiff to SHOW CAUSE as to how the Court has personal jurisdiction over Defendant. Plaintiff shall file a written response to this Order by October 28, 2021. The October 28, 2021 hearing on Plaintiff's motion for default judgment is VACATED pending disposition of this Order to Show Cause. The Court will take the motion

1  under submission upon receipt of Plaintiff's response.

2      **IT IS SO ORDERED.**

3  Dated: October 14, 2021

4  _____

5  JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California