UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FUTURE MOTION, INC.**, <br>     Plaintiff, <br>   v. <br> **JOHN DOE**, <br>     Defendant. | Case No. 21-cv-03022-YGR <br><br> **ORDER DENYING MOTION CONTEMPT, SANCTIONS MAD UPDATED PERMANENT INJUNCTION WITHOUT PREJUDICE** <br><br> Re: Dkt. No. 34 |

Plaintiff Future Motion, Inc. has filed a motion for contempt, sanctions, and an updated permanent injunction given the defendant's purported failure to comply with the permanent injunction that was issued in this case nearly one year ago on January 27, 2022. (Dkt. No. 34.) To date, the defendant has failed to appear in this case and the injunction was entered after the defendant defaulted. (Dkt. Nos. 32-33.) Since the defendant has failed to appear in the case and oppose the motion, additional candor, transparency, and scrutiny is justified. Having considered the motion and record in this case, and for the reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE**.

*First,* there is no indication in the record that the judgment was served on the defendant in this case. A defendant cannot comply with a judgment that they did not receive. To the extent plaintiff wishes to renew the motion, plaintiff shall clarify when and how the judgment was served, including any efforts to date to secure compliance with the judgment with respect to the defendant specifically.

*Second,* there is no indication in the record that the pending motion was served on the defendant in this case. While the Court previously authorized service by email, the plaintiff has not indicated that continued service to that email one year later is appropriate, or that plaintiff has

made any efforts to serve at that email. (*See generally* Docket Number 17.)

*Third,* the record shows that the plaintiff may have substantially delayed in seeking relief from the Court after learning from third parties that the judgment in this action may be vague, broad, or non-descript. The declaration from plaintiff's counsel indicates this was known since at least January 28, 2022. (Kolitch Decl. ¶ 11.) The record also shows that the defendant may have never ceased its infringing activity. Thus, plaintiff again delayed in seeking any relief for approximately a year. To the extent plaintiff is going to renew this motion, it shall address the legal significance of its own delay.

*Fourth,* Plaintiff cites to authority that the Court may enforce a judgment after the case has terminated. In this case, the plaintiff did not ask the Court to retain jurisdiction to enforce the judgment and jurisdiction was not retained in the judgment. If plaintiff wishes to renew the motion, it shall provide additional authority to justify the exercise of jurisdiction under these circumstances.

*Fifth,* Plaintiff baldly asks for "sanctions sufficient to reimburse plaintiff for the cost of bringing this Motion and to deter Defendant from continuing violations of the Court's orders[.]" (Dkt. No. 34-1 at 2.) Curiously, the motion does not provide any recommended amount that would be sufficient and reasonable under the law and in light of the circumstances of this case. The Court is under no obligation to scour the law to justify a motion for a plaintiff that is represented by counsel, especially where the proceedings are *ex parte* and require additional transparency and candor.

*Sixth,* the motion baldly asks the Court to modify the permanent injunction in this case. The motion fails to provide any law to justify modification, which is sufficient to deny the request. It would appear that the request would be governed by Federal Rule of Civil Procedure 60(b), which is not even mentioned in the motion. Again, the Court is under no obligation to scour the law and make argument. This inquiry would also need to address plaintiff's delay in seeking relief for approximately one year after they received notice that the injunction may be deficient.

For the foregoing reasons, the motion is denied without prejudice. Plaintiff may renew the motion addressing the issues presented in this order.

To the extent plaintiff wishes to renew the motion, it shall serve a copy of this order on the defendant and file proof of service on the docket. Plaintiff shall also ensure service on the defendant of any renewed motion by filing the appropriate proof of service on the docket.

This Order terminates Docket Number 20.[1]

**IT IS SO ORDERED.**

Dated: January 10, 2023

_____
YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] The Court has reviewed the papers submitted and has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78.